The STATE of Oklahoma ex rel. Vernon C. FIELD, District Attorney of Comanche County, Oklahoma, Appellee,

v.

Steven Rellon HESS, d/b/a Venus Book Mart, and Venus Book Mart, Inc., Appellants.

No. 46876.

Supreme Court of Oklahoma.

Sept. 16, 1975.

or Hess) of an "adult book store" as a public nuisance under 50 O.S.1971 § 1 et seq. The petition alleges sales to a business invitee on July 11, 1973, of a book and two picture magazines and on July 18, 1973, of two picture magazines. It alleges two viewings by a business invitee on July 18, 1973, and July 19, 1973, of a film using a coin operated machine. The book, the four picture magazines, and the film are alleged to be obscene with the sale and showing of that obscene material in violation of 21 O.S.1971 § 1021 et seq.

On hearing before the trial judge, material facts as to the sale and viewing at the book store° were stipulated by the parties. Previously transcribed testimony of a Lawton business man was made a part of the record by stipulation. After reading the book and looking at the picture magazines, he gave his opinion that each individual work, taken as a whole, was an appeal to his prurient interest, depicted or described in a patently offensive way sexual conduct; and had no serious literary, artistic, political or scientific value. The alleged obscene materials were received in evidence. The trial judge viewed the film. Hess presented no testimony.

The trial judge granted a permanent injunction enjoining the operation of the business. Findings of fact and conclusions of law were attached and made a part of the judgment. The court found the book, and film, applying local contemporary community standards and taken as a whole, appealed to prurient interest; depicted in a patently offensive way sexual conduct that is specifically defined by law; and lacks serious literary, artistic, political or scientific value. The exhibition and sale of the book and magazines were in violation of 21 O.S.1971 § 1021(3).[1] The viewing of the film was in violation of 21 O.S.1971 §

Larry Derryberry, Atty. Gen., Fred H. Anderson, Kenneth L. Delashaw, Jr., Asst. Attys. Gen., for appellee.

J. W. Doolin, Lawton, Woodson & Gasaway, by Don E. Gasaway, by John R. Roberson, Legal Intern, Tulsa, for appellants.

LAVENDER, Justice:

The district attorney for Comanche County (appellee), as a public officer and on behalf of the citizens of that county, brought suit to permanently enjoin the operation by Steven Rellon Hess (appellant

---

1. 21 O.S.1971 § 1021 reads in part:
   "Every person who wilfully either:
      *     *     *     *     *
   (3) * * * sells, distributes, keeps for sale, or exhibits any obscene or indecent writ-

ing, paper, book, picture, photograph, figure or form of any description;
   *     *     *     *     * "

1040.51.[2] This business conduct offended the decency of the citizens of Comanche County and determined to be a public nuisance under 50 O.S.1971 § 1.[3]

The alleged offensive materials introduced in evidence at the trial as exhibits were not made a part of the record on appeal. The appellant does not argue the findings of the trial judge as to the materials are in error under his conclusions of law.

Appellant Hess argues (1) error in enjoining the business as a public nuisance under 50 O.S.1971 §§ 1, 2, and 8,[3] and (2) the unconstitutionality of those sections under both the Oklahoma and United States constitutions as limitations on freedom of speech or press. The constitutional argument is directed principally at § 1, *supra*. There the unlawfully doing an act, which act "offends decency," is made a nuisance. Appellant contends "offends decency" is without guidelines and too broad to be constitutional when applied to the case at bar and freedom of the press.

▮▮▮ If the involved material is obscene, then it does not fall within the protections of the First Amendment. *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L. Ed.2d 419 (1973). 21 O.S.1971 § 1021(3) makes unlawful the sale, distribution, keeping for sale or exhibiting any obscene or indecent writing, paper, book, picture, photograph, figure or form of any description. Section 1040.51 of that title makes unlaw-

ful the bartering and trafficking in any picture, moving picture or photograph of any person in an act or acts of sexual intercourse. Section 1040.12 defines "obscene" as "that to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest."

A three-judge federal district court in *United Artists Corporation v. Harris*, 363 F.Supp. 857 (W.D.Oklahoma) (1973) found Oklahoma obscenity statutes did not on their face comply with the Miller decision of the United States Supreme Court but declined to hold the obscenity statutes unconstitutional in absence of an authoritative construction of the statutes by the state court. That opinion noted, as do we, *Cherokee News and Arcade, Inc. v. State*, Okl.Cr., 509 P.2d 917 (1973). There other sections of the Oklahoma obscenity statutes were sustained constitutionally although the redeeming social value and contemporary community standards were "not literally incorporated into the statutes, since the full constitutional standard is to be implied whenever the statutes are applied."

▮▮▮ The present First Amendment standards[4] decided by Miller, *supra*, limit regulation of obscene materials by state statutes to works (1) which depict or describe sexual conduct; and (2) which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in

---

2. 21 O.S.1971 § 1040.51 reads in part:
"Any person who knowingly buys, sells, barters, traffics in, * * * any picture, moving picture, series of pictures, drawing, diagram or photograph of any person or animal or caricature thereof in an act or acts of sexual intercourse or unnatural copulation shall be deemed guilty of a felony.
\* \* \* \* \* "

3. 50 O.S.1971 §§ 1, 2, 8 read in part:
"§ 1. Nuisance defined.—A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:
\* \* \* \* \*
Second. Offends decency; or,
\* \* \* \* \*

§ 2. Public nuisance.—A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal.
§ 8. Remedies against public nuisance.— The remedies against a public nuisance are:
\* \* \* \* \*
2, A civil action, or,
3, Abatement."

4. Miller, *supra*, cites other United States Supreme Court opinions for the following quotation: "The First and Fourteenth Amendments have never been treated as absolutes (footnote omitted)."

a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value. We hold the Oklahoma Obscenity Statutes here considered, 21 O.S.1971 §§ 1021, 1040.51, 1040.12, are constitutional, even though the constitutional standards are not literally incorporated therein, for those standards are to be implied whenever the statutes are applied.

Miller, *supra,* set basic guidelines for the trier of the facts as: (a) whether "the average person, applying contemporary community standards" would find that the work, taken as a whole, appeals to prurient interest; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. The test of *"utterly* without redeeming social value" set forth in *Memoirs v. Massachusetts,* 383 U.S. 413, 86 S.Ct. 975, 16 L. Ed.2d 1 (1966) was removed. Some justices of the Supreme Court believed the community standard referred to in *Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957) was a national one. See *Jacobellis v. Ohio,* 378 U.S. 184, 84 S. Ct. 1676, 12 L.Ed.2d 793 (1964). *Miller* subscribes to "the average person, applying contemporary community standards."

In the present case, the trial judge in the findings of fact and conclusions of law, sets out and applies to each individual work introduced as exhibits the guidelines of *Miller.* The trial judge found §§ 1021(3) and 1040.51, *supra,* to be constitutional when applied with the required constitutional standards of Miller, *supra.* It is not error to fail to require "expert" affirmative evidence that the materials were obscene when the materials themselves were actually placed in evidence. *Paris Adult Theatre I v. Slaton,* 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973); *Kaplan v. California,* 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973)

affirms this position and continues by saying:

"* * * or for any other ancillary evidence of obscenity, once the allegedly obscene material itself is placed in evidence. *Paris Adult Theatre I,* 413 U.S., at 56, 37 L.Ed.2d at 456. The defense should be free to introduce appropriate expert testimony, see *Smith v. California,* 361 U.S. 147, 164–165, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959) (Frankfurter, J., concurring), but in 'the cases in which this Court has decided obscenity questions since Roth, it has regarded the materials as sufficient in themselves for the determination of the question.' *Ginzburg v. United States,* 383 U.S. 463, 465, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966). See *United States v. Groner,* 479 F.2d 577, 579–586 (CA5 1973)."

The appellee introduced the allegedly obscene material into evidence. The appellant Hess chose not to introduce any appropriate expert testimony. Using those standards in applying the obscenity statutes, unlawful acts were found to have occurred in violation of §§ 1021(3) and 1040.51, *supra.* The trial judge determined the materials exhibited and sold to be obscene as statutorily defined and when applied with the necessary constitutional standards and guidelines. The trial court was correct.

Determination of the present appeal does not necessitate a description of the outer limits included in the statutory phrase "offends decency." 50 O.S.1971 § 1. We have no difficulty in finding the exhibiting, selling, bartering or trafficking in obscene works to be an unlawful act (in violation of 21 O.S. §§ 1021(3), 1040.51), which act offends decency. The statutory definition of "nuisance" is satisfied. When the law of "nuisance" is applied to obscene works and in the field of constitutional freedoms, it must be applied with the necessary constitutional standards and guidelines as to the determination of obscenity.

Kaplan, *supra*, was concerned with the conviction under the California obscenity statute of a proprietor of an "adult" bookstore. We quote from that opinion:

" * * * For good or ill, a book has a continuing life. It is passed hand to hand, and we can take note of the tendency of widely circulated books of this category to reach the impressionable young and have a continuing impact. A State could reasonably regard the 'hard core' conduct described by Suite 69 (book title) as capable of encouraging or causing antisocial behavior, especially in its impact on young people. States need not wait until behavioral experts or educators can provide empirical data before enacting controls of commerce in obscene materials unprotected by the First Amendment or by a constitutional right to privacy. We have noted the power of a legislative body to enact such regulatory laws on the basis of unprovable assumptions." (Footnote deleted) (Explanation added.)

Continued life beyond sale, tendency to reach the impressionable young and reasonable capability of encouraging or causing anti-social behavior especially in its impact on young people, sets forth a public interest and affect. The nuisance already determined in this opinion is one affecting at the same time an entire community or neighborhood, or a considerable number of persons, though the extent upon individuals may be unequal. We find here a public nuisance under 50 O.S.1971 § 2.

In the record before us for review is a copy of a photograph as an attachment to a search warrant. It is a view of the storefront of the "adult" bookstore seen by the public. That front informs the public of the "adult" nature of the business. It advises of "peep shows" and "reading and viewing for the mature adult." It is for adults only. There is no display of the obscene material itself or of obscene advertising through posters, window display, or posted pictures suggesting material found inside. The display windows are covered.

The public is not involuntarily subjected to obscenity by the physical presence of the "adult" bookstore. One must become a business invitee and enter the store voluntarily to be subjected to obscenity through a physical presence of the business.

To suggest such a storefront is not indicative of the type of material found inside is somewhat naive. By stipulation, the record establishes the business invitees making the purchases of obscene materials did not observe the usual news, family, women's or special interest type magazines on display and for sale. The materials purchased and introduced in evidence appeared to be the typical material exhibited and for sale in the place of business. Yet that material, other than works placed in evidence, has not been measured and found obscene by the constitutional standards required by *Miller*. That material was not found by the trier of the facts to be obscene under the *Miller* guidelines. That material was not in evidence and before the trier of the facts. The operations of a bookstore as a business is not a "nuisance per se." The operation of a bookstore as a business labeled an "adult" bookstore is not a "nuisance per se." It is the exhibition and sale of obscene works or obscene publications that constitute an unlawful act which offends decency and affects the community. The subject of the sale is entitled to be examined and determined to be obscene under constitutional standards and guidelines.

Oklahoma Law on Obscenity, 21 O.S. 1971 § 1040.10 et seq., as amended, at § 1040.14 et seq. provided for an action for adjudication of obscenity of mailable matter allowing an injunction and destruction, § 1040.20. We believe that action and procedure to be cumulative to the existing laws such as public nuisance.

We affirm the trial court in finding the works introduced in evidence to be obscene and their exhibition, distribution, and sale to constitute a public nuisance subject to abatement through a permanent injunction. The permanent injunction is-

sued against the operation of the business is too sweeping. It determines unexamined works to be obscene. It determines the sale, distribution, and exhibition of works to offend decency and constitute a public nuisance without the measure of constitutional guidelines.

The issuing of the permanent injunction is affirmed but modified so as to enjoin the sale, distribution, and exhibition of the particular works (book, picture magazines, and film) introduced into evidence as exhibits.

Affirmed with permanent injunction modified to enjoin the sale, distribution, exhibiting, bartering or trafficking in particular and individual works or publications used as exhibits in the trial court.

WILLIAMS, C. J., DAVISON, IRWIN, BERRY and SIMMS, JJ., and ROMANG, Special Judge, concur.

HODGES, V. C. J. and BARNES, J., dissent.

DOOLIN, J. certified his disqualification. The Honorable Richard E. Romang was appointed in his stead.